IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hazel Williamson<br>    Debtor(s) | CHAPTER 13 |
| U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of NRZ Pass-Through Trust XII<br>    Movant<br>vs. | NO. 21-13079 AMC |
| Hazel Williamson<br>    Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The pre-petition arrearage on the mortgage held by the Movant on the Debtor's residence: **1128 Tilghman Street, Chester PA 19103.**

2. Movant's claim will be paid off in full through the Debtor's Chapter 13.

    a). the total amount to be paid to Secured Creditor through Debtor's Chapter 13 plan is broken down as follows:

    - **$52,189.04 due at the time of filing;**
    - **$8,871 interest on unpaid principal balance, escrow advances, and outstanding expenses as of the date of filing over the life of the plan (7%)**
    - **TOTAL: $61,060.04**

3. Movant will file an amended proof of claim to reflect this amount.

4. For the duration of Debtor's Chapter 13 bankruptcy proceeding, Debtor shall pay all post-petition escrow items directly, including but not limited to property taxes and insurance, and if Debtors do not maintain these payments, Movant can advance for these items and/or seek relief from this Court by filing a motion for relief; and

5. Upon successful completion of said payments, repayment of all post-petition escrow advances, and receipt of a discharge in this Chapter 13 proceeding, this lien shall be released and extinguished; and

6.    Movant, shall file a release of the lien with the recorder of deeds in Delaware County for the underlying mortgage within 30 days of the completion of the plan payments, repayment of outstanding escrow advances, and receipt of discharge; and

7.    Movant fails to discharge the mortgage within the prescribed period, the Debtor and/or Debtor's counsel may record with the recorder of deeds a certified or exemplified copy of this order, along with a copy of the bankruptcy discharge order, which shall have the same force and effect of a discharge of mortgage.

8.    Secured Creditor's objection to confirmation is hereby resolved.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date: December 1, 2022

          **/s/ Denise Carlon, Esquire**
          Denise Carlon, Esquire
          Attorney for Movant

Date: January 6, 2023

          /s/ Shaina P. Bethala, Esq.
          Shaina Priscilla Bethala, Esquire
          Attorney for Debtor(s)

Date: 1/9/2023

          /s/ Ann E. Swartz, Esquire for *
          Scott F. Waterman, Esquire
          Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2023. However, the court retains discretion regarding entry of any further order.

**Date: January 11, 2023**

          Bankruptcy Judge
          Ashely M. Chan.